# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH MCMANUS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-328**<br>**C/W: 18-329, 18-330,**<br>**18-366**<br>**RE: ALL** |
| **ELLA NORWOOD ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Plaintiff's Motion for Recusal (Doc. 41), Motion for Reconsideration (Doc. 38), and Motion to Remove an Order of Protective Custody ("OPC") (Doc. 42). For the following reasons, Plaintiff's Motions are **DENIED**.

## BACKGROUND

This Court's previous Order and Reasons granting Defendants' Motion to Dismiss details the background of this consolidated action.[1] The details need not be repeated here. Nevertheless, some developments have occurred since then. On August 10, 2018—the same day it issued the Order and Reasons granting Defendants' Motion to Dismiss—this Court issued a judgment

---

[1] *See* Doc. 36.

dismissing all claims in the consolidated action.² On September 10, 2018, Plaintiff filed a Motion for Reconsideration asking this Court to review its previous Order and Reasons granting Defendants' Motion to Dismiss all Plaintiff's claims.³ In general, Plaintiff argues that this Court failed to give sufficient weight to certain evidence and misapplied the applicable law. Defendants oppose, arguing that Plaintiff untimely filed his Motion for Reconsideration and failed to allege sufficient grounds to warrant this Court's reversal of its own previous decision.⁴ Plaintiff subsequently filed a Motion to Recuse this Court from the case and a Motion "to remove the order of protective custody." This Court will address Plaintiff's Motion for Recusal first before analyzing his Motion for Reconsideration and Motion to Remove the Order of Protective Custody.

## LAW AND ANALYSIS

### I. Plaintiff's Motion for Recusal

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Nevertheless, "[a] motion for recusal is within the discretion of the district judge."⁵ "A party seeking such disqualification must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality."⁶ "[S]peculative allegations of potential bias are not sufficient to warrant recusal."⁷

---

² Doc. 37.
³ *See* Doc. 38.
⁴ *See* Doc. 40.
⁵ United States v. Anderson, 160 F.3d 231, 233 (5th Cir. 1998).
⁶ Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1408 (5th Cir. 1994) (citations omitted).
⁷ United States v. Mix, No. 12-171, 2014 WL 580758, at *4 (E.D. La. Feb. 13, 2014).

Plaintiff argues that this Court should recuse itself because "this judge do[es] not understand the law or the [U.S.] [C]onstitution."[8] Plaintiff's disagreement with this Court's interpretation of the law is not sufficient grounds for recusal. As such, Plaintiff's Motion for Recusal is denied.

## II. Plaintiff's Motion for Reconsideration

"There is no motion for 'reconsideration' in the Federal Rules of Civil Procedure."[9] Thus, depending on the time of filing, a motion to reconsider "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)."[10] Because the instant Motion was filed more than 28 days after the entry of judgment, it is analyzed as a motion for relief under Rule 60.[11]

"Rule 60(b)(1) provides that a party may be relieved from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect.'"[12] Among the other enumerated reasons to grant relief are when new evidence emerges that could not have been discovered in time to move for a new trial under Rule 59(b), when fraud occurs, or when there exists "any other reason that justifies relief."[13] The decision of whether to grant or deny a Rule 60(b) motion is within the trial court's sound discretion.[14] Such a motion must be filed "within a reasonable time" of judgment.[15]

Because this Court construes Plaintiff's Motion as a Rule 60 motion for relief, Defendant's argument that Plaintiff's Motion is untimely under Rule 59

---

[8] Doc. 41.
[9] Bass v. United States Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2001) (citing Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998)).
[10] Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n. 2 (5th Cir. 2012) (citations omitted).
[11] *See id.*
[12] Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 117 (5th Cir.2008) (quoting FED. R. CIV. P. 60(b)(1)).
[13] *See* FED. R. CIV. P. 60(b).
[14] Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2002).
[15] *See* FED. R. CIV. P. 60(c)(1).

is moot. And because Plaintiff filed his Motion approximately one month after judgment, the filing is timely under Rule 60's reasonableness standard. Since Plaintiff's Motion is timely, the Court will now address Plaintiff's arguments that this Court improperly dismissed his claims against all Defendants.

This Court dismissed the claims against Defendants Dennis Thomas, Charles McManus Jr., and Ellamae Norwood for lack of subject matter jurisdiction.[16] In his Motion for Reconsideration, Plaintiff does not challenge the merits of this ruling but instead argues that this Court failed to consider factual allegations he made to support his claims against the defendants.[17] These allegations have no bearing on this Court's dismissal for lack of subject matter jurisdiction. As such, Plaintiff has failed to allege sufficient grounds to warrant reversal of the dismissal of claims against these defendants.

Plaintiff's claims against Defendants Brumfield and Bonnett were dismissed on the grounds that Plaintiff failed to state an actionable claim against them.[18] One dismissed claim was an allegation that Defendants violated the Freedom of Information Act ("FOIA").[19] The Court dismissed the claim because FOIA applies only to federal agencies and their employees, but Plaintiff sought to apply it to members of the St. Tammany Parish Sheriff's Office, a subdivision of the state.[20] Plaintiff argues in his Motion for Reconsideration that this Court misapplied the law in this regard.[21] Plaintiff provides no support for this argument. As such, Plaintiff has failed to allege sufficient grounds to warrant reversal of the dismissal of the claims against Defendants Brumfield and Bonnet.

---

[16] *See* Doc. 36.
[17] *See* Doc. 38 at 1.
[18] *See* Doc. 36.
[19] *See* Doc. 36.
[20] *See* Doc. 36. at 5–6.
[21] *See* Doc. 38.

4

As for the allegations against Defendants Rice, Roberts, and Ford, this Court dismissed those on the grounds that some claims had prescribed and others failed to state an actionable claim.[22] Plaintiff in his Motion for Reconsideration expands upon previously alleged facts but fails to explain how this Court erred under Rule 60 by dismissing the claims against these Defendants on the facts before it. He also fails to show why these new facts could not have been discovered before dismissal. Therefore, Plaintiff has failed to allege sufficient grounds to warrant reversal of this Court's dismissal of the claims against Defendants Rice, Roberts, and Ford.

Finally, this Court dismissed *sua sponte* Plaintiff's claims against Defendant Polk because of a lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[23] Plaintiff essentially claims that the Court misapplied the doctrine, supporting his argument with the erroneous proposition that federal court is the proper venue for an appeal of a state court judgment.[24] Plaintiff fails to allege sufficient grounds to warrant reversal of the Court's dismissal of the claims against Defendant Polk. Therefore, Plaintiff's Motion for Reconsideration is denied.

## III. Plaintiff's Motion to Remove the Order of Protective Custody

In his Motion "to remove the order of protective custody," Plaintiff for the first time asks this Court to "remove [the OPC] from [his] medical records."[25] Construing Plaintiff's Motion liberally, he seeks this ambiguous relief on Fourteenth Amendment Due Process grounds. Considering this Court rendered judgment dismissing all Plaintiff's claims more than a month before

---

[22] *See* Doc. 36.
[23] *See* Doc. 38. *See also* Truong v. Bank of Am., N.A., 717 F.3d 377, 381–83 (5th Cir. 2013) (explaining that the *Rooker-Feldman* Doctrine bars federal courts from modifying or reversing certain state court judgments).
[24] *See* Doc. 38 at 2.
[25] *See* Doc. 42.

Plaintiff filed this Motion, the time has long since passed for Plaintiff to assert new claims. Thus, Plaintiff's Motion is denied.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Recusal, Motion for Reconsideration, and Motion to Remove the Order of Protective Custody are **DENIED**.

New Orleans, Louisiana this 25th day of September, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**